IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLANDER INTERNATIONAL BUNKERING INC., | § | |
| Plaintiff, | § | CIVIL ACTION NO.: |
| vs. | § | IN ADMIRALTY, Rule 9(h) |
| BOUCHARD TRANSPORTATION CO., INC. | § | |
| and | § | |
| TUG FREDERICK E. BOUCHARD, her equipment and appurtenances, and freights IMO 9794692, *in rem*, | § | |
| Defendants, and | § | |
| PBF Energy, Inc.<br>PBF Energy Partners LP<br>PBF Energy Company LLC<br>Delaware City Refining Company LLC<br>Valero Refining and Marketing Company<br>Valero Refining Company, | § | |
| Garnishees. | § | |

**GLANDER VERIFIED COMPLAINT WITH REQUEST FOR RULE C ARREST AND MARITIME ATTACHMENT AND GARNISHMENT**

Glander International Bunkering, Inc. ("Glander") brings this action against Defendant Bouchard Transportation Company, Inc. ("Bouchard") *in rem* for Glander's claims against the TUG FREDERICK E. BOUCHARD ("Tug") pursuant to Supplemental Rule C, and *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims for Glander's claims *in personam* against Bouchard and states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Tug and defendant's property are located in the Registry of this Court.

3. Venue is also proper in this District because Defendant's property to be garnished is located in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

**The Parties**

5. Glander is a corporation duly organized under Florida law.

6. Bouchard is a New York corporation and the ultimate owner, and manager and operator of the Tug.

**Facts**

7. Bouchard directly or through Tug husbanding agents ordered marine fuel ("bunkers") bunkers from Glander for provision to the Tug. Glander provided the bunkers to the Tug pursuant to Glander's General Terms and Conditions and invoiced Bouchard for the provisions.

8. Glander's General Terms and Conditions controlling its contract of sale to Bouchard, include the following provision:

> 4. PRICE / PAYMENT / RISK AND PROPERTY
>
> * * *
>
> l) In the event that any sums are overdue from the Buyer and the Seller incurs costs in relation to the collection of such overdue sums then the Buyer shall

> indemnify the Seller and pay to the Seller upon demand such costs, which shall include but not be limited to attestation and translation costs, fees of third party debt collection agencies, and lawyer's fees and regardless of whether such costs led to the collection of the overdue sums. Furthermore the Buyer shall pay an administration fee of USD 250.00.
>
> * * *
>
> 14. LIEN
> a) In addition to any other security the Seller may have, and as this Contract is entered into and product is supplied upon the faith and credit of the Tug, it is agreed and acknowledged that a lien over the Tug is created for the price of the Products supplied together with any interest accrued. The Buyer, if not the Owner of the Tug, hereby expressly warrants that they have full authority of the Agents/Traders/Owners/Managers/Operators/Charterers to pledge the Tug in favor of the Seller and that they have given notice of the provisions of this Contract to them. The Seller shall not be bound by any attempt by any person to restrict, limit or prohibit its lien(s) attaching to a Tug. The laws of the United States, including but not limited to the Commercial Instruments and Maritime Lien Act, shall always apply with respect to the existence of a maritime lien, regardless of the country in which Seller takes legal action. Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity, or otherwise, in any jurisdiction where the Tug may be found.

Glander by provision of bunkers, which are a maritime necessary, holds a maritime lien *in rem* against the Tug and thus against the Tug's sale proceeds.

9. Despite repeated demand, Bouchard has failed to pay Glander's invoices for those bunkers and has breached its contract with Glander.

**Count I – Breach of Maritime Contract**

10. Glander incorporates the above paragraphs as if fully set forth herein.

11. Bouchard has breached its maritime contract with Glander as set out above.

Glander therefore demands judgment, as set out more fully below.

**Count II – Glander – Maritime Lien In Rem Against the Tug and Proceeds**

12. Glander incorporates the above paragraphs as if fully set forth herein.

13. Glander as a consequence of providing bunkers, a maritime necessary, to the Tug on the order of the Tug's owner, Bouchard, holds a maritime lien *in rem* against the Tug and thus the Tug's proceeds. Glander therefore demands judgment against the Tug and thus the Tug's proceeds, as set out more fully below.

**Count III: Maritime Attachment and Garnishment (Rule B)**

14. Glander incorporates the above paragraphs as if fully set forth herein.

15. Bouchard has breached its maritime contracts with Glander as set out above. Glander therefore demands judgment, as set out more fully below.

16. Glander requests this Court pursuant to Supplemental Rule B to have its claims attach to amounts reached by the maritime garnishment and attachment writs, served on the Garnishees.

17. No security for the claims has been posted by Bouchard or anyone acting on its behalf to date.

18. Bouchard cannot be found within this District within the meaning of Rule B, but has during the pendency of this action, property and/or assets in this jurisdiction consisting of the Tug which was arrested and attached by other parties in this action, in this District, and the proceeds of the Tug.

**Prayer for Relief**

WHEREFORE, Glander prays:

A. That in response to Count I, this Court enter judgment against Bouchard as follows:

1. For Glander, in the amount of at least **$55,287.99** and contractual interest plus further amounts for attorneys' fees of at least $20,000;

2. In response to Count II, that this Court order that the *in rem* claims against the Tug of Glander proceed against the Tug sale proceeds, *in rem*, and that on judgment Glander's maritime lien claims *in rem* be paid from the proceeds, in the amount of at least **$55,287.99** **,** interest and costs;

B. That in response to Count III, since Defendant cannot be found within this District pursuant to Supplemental Rule B, that this Court order that the maritime attachment and garnishment claims of Glander pursuant to Rule B, continue on the amounts garnished and attached for at least the amount demanded herein to secure Glander's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint; and

D. That this Court award Glander such other and further relief that this Court deems just and proper.

Dated: December 18, 2019.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Timothy Jay Houseal*

Timothy Jay Houseal (Del. Bar ID No. 2880)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com

*Attorneys for Glander International Bunkering Inc.*

**OF COUNSEL**

J. Stephen Simms
*Simms Showers LLP*
201 International Circle, Ste. 250
Baltimore, Maryland 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com

**VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to Glander .

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Glander made available to me by Glander. Authorized officers of Glander are not readily available in this District to make verifications on Glander's behalf. I am authorized to make this verification on Glander's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for Bouchard in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on December 18, 2019.

*/s/ J. Stephen Simms*
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: 410-783-5795
Email: jssimms@simmsshowers.com